1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11 | OCEAN ALASKA, LLC,

12 |                              Plaintiff,

13 |           v.                                        CASE NO. C07-294JLR

14 | JAMES HUTCHISON,                                    ORDER

15 |                              Defendant.

16

17

18          This matter comes before the court on Defendant James Hutchison's motion for

19  summary judgment or in the alternative to dismiss (Dkt. # 29) and Plaintiff Ocean Alaska,

20  LLC's ("Ocean Alaska") motion to continue trial and pretrial dates (Dkt. # 32).  Having

21  reviewed the papers submitted by the parties, for the following reasons, the court STAYS

22  the action pending the outcome of Ocean Alaska's motion to dismiss in the state court

23  action in Anchorage, Alaska, DENIES the motion for summary judgment without

24  prejudice and DENIES as moot the motion for continuance.  Counsel shall advise this

25  court of the outcome of the motion to dismiss in the Alaska state court action.

26

27

28

ORDER – 1

# I. BACKGROUND

The parties agree that Mr. Hutchison was employed as a cook aboard the F/V OCEAN ALASKA in 2006.  On November 15, 2006, the vessel was docked in Dutch Harbor, Alaska.  That evening Mr. Hutchison, joined at times by the Captain and members of the crew, went out to celebrate a successful trip.  In the early morning hours of November 16, Mr. Hutchison was run over by a taxi while en route back to the vessel. Mr. Hutchison suffered serious injuries requiring extensive medical care.

On February 23, 2007, Ocean Alaska filed a declaratory judgment action in this court seeking a declaration that it is not obligated to pay maintenance and cure to Mr. Hutchison.  (*See* Complaint (Dkt. # 1).)  On May 3, 2007, Mr. Hutchinson filed claims against Ocean Alaska for Jones Act negligence, unseaworthiness, maintenance and cure and unearned wages in state court in Anchorage, Alaska.[1]  Currently pending before the court in Alaska is Ocean Alaska's motion to dismiss for *forum non conveniens*.  Although counsel for Ocean Alaska has represented that he intends to file another motion to dismiss in the Alaska state court action, as of the date of this order no such motion appears on the docket.

# II. ANALYSIS

Mr. Hutchison asks this court to enter summary judgment in his favor or, if the court is not inclined to enter summary judgment against Ocean Alaska, to dismiss this action.  In essence, Mr. Hutchison wants the court to decide the case if it will find in his favor but to dismiss this action if it will find against him.  The court will first evaluate whether dismissal is proper before rendering any opinion on the merits of the case.

---

[1]The court was unaware until the filing of the motion for summary judgment or in the alternative to dismiss that another action arising out of the November 16, 2006 incident was pending.

ORDER – 2

Relying on authority from the Fifth Circuit and the Eastern District of Louisiana, Mr. Hutchison argues that this court should dismiss this declaratory judgment action in favor of the lawsuit currently pending in the Alaska state courts. Ocean Alaska's opposition is two-fold, they argue that (1) even if Mr. Hutchison's argument is valid it is being made too late and (2) it would be inappropriate at this juncture to dismiss the federal court action when there is a pending motion to dismiss in the state court action.

The principal case upon which Mr. Hutchison relies is *Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348 (E.D. La. 1991). In that case the court found that "absent bad faith on the part of the defendant-employee in the federal court, a properly filed Jones Act suit *requires* dismissal of a declaratory judgment action which arises out of the same set of facts . . . [T]his result is mandated because of the nature of the Saving to Suitors Clause, and because of the possible preclusive effects maintaining such an action would have on a suitor's Jones Act case in another court." *Id.* at 1355. In making its decision, the court in *Belle Pass* looked first to whether a state court suit based on the same facts had been properly filed and then considered the possible preclusive effects that findings in the declaratory judgment action would have on the pending state court suit. *Id.* at 1354-55. The court was particularly concerned with preserving the plaintiff's ability to choose his remedy under the Savings to Suitors Clause, 28 U.S.C. § 1333, which provides that in a civil case involving admiralty or maritime jurisdiction, a plaintiff may chose to proceed in state court with a jury or in federal court. *See id.* at 1354.

The court is persuaded by the reasoning of the line of cases coming from the Fifth Circuit, including *Belle Pass*, although as noted by at least one other district court, *Belle Pass's* statement that dismissal is required under certain circumstances may go too far. *See Lady Deborah, Inc. v. Ware*, 855 F. Supp. 871, 875 (E.D. Va. 1994). The granting of declaratory relief in federal court is discretionary. *See Gov't Employees Ins. Co. v. Dizol*,

ORDER – 3

133 F.3d 1220, 1225 (9th Cir. 1998). This court notes that it retains discretion to determine whether dismissal is proper under the facts of each particular case.

Ocean Alaska argues, without citation to authority, that even if Mr. Hutchison had the right "at some point" to force all the issues into the court of his choosing, he waived this right by allowing this matter to proceed in parallel with the state court action. (Continuance Reply (Dkt. # 38) at 6.) Although counsel for the parties vigorously dispute the events leading up to the filing of the instant motions, it does appear that Mr. Hutchison and Ocean Alaska sought a quick resolution of the legal issue of entitlement to maintenance and cure and contemplated that this action might proceed more quickly than a state court action. (*See* Affidavit of Michael Stehle ("Stehle Affidavit") (Dkt. # 36) ¶ 8; Continuance Reply at 5.) The court is not pleased that the parties informed the court for the first time in these papers that another lawsuit involving the same facts is pending in another jurisdiction. Trial in this matter is scheduled for September 16, 2008. Nevertheless, the court will not find that Mr. Hutchison waived his right to seek dismissal on this ground.

Applying the framework set out in the *Belle Pass* case, the court is persuaded that it should yield in favor of the Alaska state court proceeding. The first question is whether there is a properly filed state court action including a Jones Act claim based on the same facts as the federal declaratory judgment action. The court has obtained the complaint filed in the Alaska state court action, reviewed it and determined that Mr. Hutchison asserts a Jones Act claim in his state action and that the two lawsuits are based on the same facts surrounding the injuries Mr. Hutchison sustained as a result of being run over by a taxi in Dutch Harbor, Alaska on November 16, 2006. The lawsuits will also both involve a determination whether these facts give rise to a duty on the part of Ocean Alaska to pay maintenance and cure for the injuries Mr. Hutchison sustained. Any

ORDER – 4

findings made by this court in the declaratory judgment action would have an impact on the determination of entitlement to maintenance and cure in the Alaska state court action. Additionally, if the Alaska state court were to ignore the findings of this court there is the danger of inconsistent results between the courts. Finally, the court does not find any bad faith intent on the part of Mr. Hutchison in filing his state court action. In fact, before this federal declaratory judgment action was filed by Ocean Alaska, Mr. Hutchison told Ocean Alaska that he intended to file a lawsuit in the Alaska state courts. (*See* Stehle Affidavit ¶ 4.)

Before the court dismisses this action it must consider Ocean Alaska's argument that even if the court were inclined to dismiss in favor of the action in the Alaska state court that it should wait until the pending motion to dismiss for *forum non conveniens* is decided.[2] The court agrees that it would do neither party any good for this court to dismiss the declaratory judgment action in favor of the Alaska state court action only to have the Alaska action dismissed which would leave Mr. Hutchison back where he started and significantly delay any resolution of his claim. The court, therefore, stays this action until the pending motion to dismiss is decided by the state court in Alaska. The court directs the clerk to strike the pending trial and other dates in this matter. Counsel are directed to inform the court when the state court in Alaska has rendered a ruling on the pending motion.

---

[2]Counsel for Ocean Alaska has indicated his intention to file another motion to dismiss based on an alleged forum selection clause in Mr. Hutchison's employment contract. (*See* Resp. to Mot. for Summary Judgment (Dkt. # 33) at 23.) If Ocean Alaska is serious about filing such a motion, the court encourages it to do so in a timely matter so that Mr. Hutchison's claims may be determined. As of the date of this order, the docket in the Alaska action shows no such motion.

As a result of the stay the court denies the motion for summary judgment without prejudice and denies the motion for continuance as moot. If the Alaska action is dismissed Mr. Hutchison may renew his motion.[3]

### III. CONCLUSION

For the foregoing reasons, the court STAYS this matter until a decision is rendered on the pending motion to dismiss in the Alaska state court action; directs the clerk to strike the pending trial and other related dates; DENIES the motion for summary judgment without prejudice; and DENIES as moot the motion for continuance. Counsel are directed to inform the court when the Alaska state court rules on the pending motion to dismiss.

DATED this 4th day of August, 2008.

JAMES L. ROBART
United States District Judge

---

[3]The court is prepared to hear Mr. Hutchison's case in its entirety. The parties have completed discovery in this matter which has the same underlying facts as the Alaska action. The court has only recently played an active role in this matter and has been disappointed by the bickering between counsel for the parties. Needless wrangling does nothing to resolve their clients' issues and may, in some cases, impede an orderly and efficient resolution of the case. If the parties are interested, the court will make a settlement judge available or alternatively set a revised schedule to hear all of the claims in a timely manner.

ORDER – 6